IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LARRY LEE LEMAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 3:12-0852 |
| ) | JUDGE SHARP/KNOWLES |
| ) | |
| KATHERINE OGILVIE, ) | |
| STEPHANIE STINSON, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**I. Introduction and Background**

This matter is before the Court upon a Motion for Summary Judgment filed by Defendant Katherine Ogilvie ("Defendant"). Docket No. 35. Defendant has contemporaneously filed a supporting Memorandum of Law (Docket No. 36), and a Statement of Undisputed Material Facts (Docket No. 37). Defendant has additionally filed her Affidavit. Docket No. 35-1.

Plaintiff has not responded to the instant Motion or to the Statements of Undisputed Material Facts, nor has Plaintiff filed his own Statement of Undisputed Material Facts.[1] Plaintiff's Complaint is, however, a verified Complaint. Thus, the Court will consider the facts set forth in the verified Complaint in connection with the instant Motion.

---

[1] Plaintiff requested, and received, two extensions of time to file a Response to the instant Motion. *See* Docket Nos. 38, 40, 44, 45. Despite receiving these two extensions of time, Plaintiff has not filed a Response.

Plaintiff filed this pro se action pursuant to 42 U.S.C. § 1983, alleging violation of his Eighth and Fourteenth Amendment rights. Docket No. 1. Plaintiff filed his verified Complaint on August 17, 2012. *Id.* At all times relevant to the case at bar, Plaintiff was an inmate incarcerated at the Davidson County Criminal Justice Center ("CJC"). *Id.* Plaintiff sued various parties, including Defendant, in her individual and official capacity.[2] *Id.* Plaintiff sues Defendant and John Doe #1 "because they failed to provide the prescribed medical treatment as ordered by the physician on-call, and failed to re-test Plaintiff's blood sugar level." *Id.* at 7. Plaintiff requests a declaration that this act or omission violated his Constitutional rights; compensatory damages; punitive damages; a trial by jury; Plaintiff's costs including filing fees, attorney fees, and other costs involved in the litigation of a lawsuit; and any other just, proper, and equitable relief. *Id.* at 10.

Defendant filed the instant Motion and supporting materials arguing that she is entitled to summary judgment because Plaintiff's allegations against her do not rise to the level of a recoverable §1983 claim. Docket No. 36. Specifically, Defendant argues that Plaintiff has failed to demonstrate that she acted with deliberate indifference to his serious medical needs. *Id.*

For the reasons discussed below, the undersigned recommends that Defendant's Motion

---

[2] Plaintiff originally sued Correct Care Solutions, in its individual and official capacity; Daron Hall, in his individual and official capacity; Katherine Ogilvie, in her individual and official capacity; Davidson County Sheriff's Office, in its individual and official capacity; Davidson County, in its individual and official capacity; John Doe #1, in his individual and official capacity; John Doe #2, in his individual and official capacity; Jane Doe #1, in her individual and official capacity; Davidson County Metro Health Department, in its individual and official capacity; and Stephanie Stinson, in her official and individual capacity. Docket No. 1. All Defendants except for Defendants Ogilvie, Stinson, and the John and Jane Does have been terminated as parties in this action. *See* Docket Sheet note on September 5, 2012. Defendant Stinson's summons was returned unexecuted; accordingly, she has not been served. *See* Docket No. 19.

2

for Summary Judgment be GRANTED.

## II. Facts[3]

### A. Facts Relating to Defendant in Plaintiff's Verified Complaint

Upon arrival at the Criminal Justice Center ("CJC"), Plaintiff was screened by Correct Care Solutions medical staff; Defendant Katherine Ogilvie and John Doe #1. Docket No. 1, Verified Complaint, ¶ 6. Plaintiff informed Defendant that he was on an insulin pump, which was empty as it had recently run out of insulin. *Id.*, ¶ 8. Defendant responded that "it was no good to have an insulin pump if it was empty." *Id.*, ¶ 9.

When Plaintiff was booked into the CJC, his blood sugar was around 467 mg. *Id.*, ¶ 18. Medical staff tested Plaintiff's urine for the presence of ketones. *Id.*, ¶ 19. Plaintiff heard John Doe #1, who was an assistant nurse working in the CJC intake screening area along with Defendant, say that his urine was positive for moderate ketones. *Id.*, ¶ 20. Defendant stated that they would need to call the physician on-call. *Id.*, ¶ 21. John Doe #1 called the physician on-call, and Plaintiff overheard the verbal instructions given by the physician on-call. *Id.*, ¶ 23. The instructions that were given were that Plaintiff be given 20 units of regular insulin and 1 liter of IV fluids. *Id.*, ¶ 24. Plaintiff never received the 1 liter of IV fluids, and his blood sugar was not re-tested to see if it had come down. *Id.*, ¶¶ 25, 26. "Defendants" cleared Plaintiff to be accepted into the jail, as is usual with all inmates unless they are in need of emergency or urgent medical care necessitating hospital transfer. *Id.*, ¶ 27.

### B. Facts Contained in Defendant's Affidavit

Defendant did not perform a receiving screening on Plaintiff on January 11 or 12, 2012.

---

[3] The following facts are in a form required by Fed. R. Civ. P. 56 and are undisputed.

Docket No. 35-1, Affidavit of Katherine Ogilvie ("Def. Aff."), ¶ 2. Defendant did not speak to Plaintiff on January 11 or 12, 2012. ¶ 3.

### III.  Analysis

**A.  Motion for Summary Judgment**

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no

4

genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

**B. 42 U.S.C. § 1983**

Plaintiff alleges violation of his Eighth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043 (1941).

**C. The Case at Bar**

As has been noted, Plaintiff alleges that Defendant violated his Eighth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. Docket No. 1. Specifically, Plaintiff explicitly sues Defendant because she "failed to provide the prescribed medical treatment as ordered by the physician on-call, and failed to re-test Plaintiff's blood sugar level." *Id.* at 7. Significantly, however, Plaintiff stated in his verified Complaint that "John Doe #1," not Defendant, called the physician on-call and received verbal treatment instructions from the physician on-call. *Id.,* ¶ 23. Plaintiff does not aver that "John Doe #1" ever communicated those verbal treatment instructions to Defendant, or that Defendant was in any way aware of the instructions received verbally by "John Doe #1." Moreover, Defendant has sworn that she did not speak to Plaintiff on January 11 or 12, 2012. Def. Aff., ¶ 3.

Because Plaintiff has adduced no evidence in a form required by Fed. R. Civ. P. 56 that she knew of, and "failed to provide[,] the prescribed medical treatment as ordered by the physician on-call," Defendant is entitled to a judgment as a matter of law on this claim.

With regard to Plaintiff's claim that Defendant violated his constitutional rights because she failed to re-test his blood sugar level, Plaintiff cites no authority for the proposition that failing to re-test his blood sugar level in and of itself rises to the level of a constitutional violation, and the undersigned is unable to find any supporting authority for such a proposition. Accordingly, Defendant is entitled to a judgment as a matter of law on this claim as well.

Inasmuch as Plaintiff sues Defendant for performing his intake screening and remarking that "it was no good to have an insulin pump if it was empty," Defendant's remark, standing alone, likewise does not amount to a violation of Plaintiff's constitutional rights, and Plaintiff

cannot sustain a deliberate indifference claim against her.

## IV. Conclusion

For the foregoing reasons, the undersigned recommends that Defendant's Motion for Summary Judgment be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge