UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LARRY LEE LEMAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:12-cv-0852 |
| v. ) | |
| ) | Judge Sharp |
| KATHERINE OGILVIE, ) | Magistrate Judge Knowles |
| STEPHANIE STINSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is a Report and Recommendation ("R & R") of the Magistrate Judge, recommending that Plaintiff's *Motion to File Amended Complaint* (Docket Entry No. 7) be denied. The body of Plaintiff's motion states in full the following:

> Comes now, Larry Lemay, the plaintiff, and requests the Court allow permission to file an Amended Complaint. The plaintiff has corrected the deficiencies for which some of the parties were terminated. Plaintiff asks the Court to reinstate these defendants as a viable claim has been set forth in the Amended Complaint.

(*Id.*). Specifically, the R & R provides in part,

> The Sixth Circuit has held that a plaintiff has no right to amend his Complaint in order to avoid dismissal under § 1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) ("[C]ourts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal."). It is clear that Judge Sharp dismissed the above-named Defendants[1] because Plaintiff had failed to state a claim upon which relief could be granted as to those Defendants. A dismissal for failure to state a claim upon which relief may be granted is a dismissal on the merits. *See Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004). Plaintiff, therefore,

---

[1] By Order entered on August 28, 2012 (Docket Entry No. 4), this Court determined Plaintiff had failed to state a claim against Defendants Davidson County, the Davidson County Sheriff's Department, Daron Hall, Sheriff of Davidson County, Correct Care Solutions, and the Metro Davidson County Health Department. Plaintiff's claims were dismissed against those Defendants.

1

cannot amend his Complaint to attempt to state (or restate) claims against the Defendants who have been dismissed from this action.[2]

For the foregoing reasons, Plaintiff's "Motion to File Amended Complaint" should be DENIED.

(Docket Entry No. 8 at 2-3). Plaintiff filed a timely objection to the R & R on October 3, 2012. (Docket Entry No. 17).

Having considered the matter *de novo* in accordance with Fed. R. Civ. P. 72(b), the Court agrees with the Magistrate Judge's recommended disposition.

Accordingly, the Court hereby rules as follows:

(1) The Report and Recommendation (Docket Entry No. 8) is hereby ACCEPTED and APPROVED; and

(2) Plaintiff's *Motion to File Amended Complaint* (Docket Entry No. 7) is hereby DENIED.

This action is hereby returned to the Magistrate Judge for further pretrial management in accordance with Local Rule 16.01.

**It is SO ORDERED.**

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

---

[2] As of the date of entry of the R & R, the remaining Defendants had not yet been served and none had responded to the instant motion.